UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SERWAAH AFUA,

                     Plaintiff,

                                       **MEMORANDUM DECISION**
                                       **AND ORDER**
              -against-                22-CV-2111 (MKB) (JMW)

MEDITERANNEAN SHIPPING COMPANY (USA)
INC.,

                     Defendant.
------------------------------------------------------------------X

**Timothy J. Fierst**
The Fierst Law Group P.C.
462 Sagamore Avenue
Suite 2
East Williston, NY 11596
*For Plaintiff*

**Mark Andrew Beckman**
Gordon & Rees LLP
One Battery Park Plaza
28th Floor
New York, NY 10004
*For Defendant*

**WICKS,** Magistrate Judge:

       Before the Court is Defendant MSC Mediterranean Shipping Company S.A.'s

(incorrectly sued as Mediterranean Shipping Company (USA) Inc.) motion to stay discovery

pending a decision on its pending motion to dismiss the Complaint.  (DE 14.)  Plaintiff Serwaah

Afua does not oppose the motion, and in fact, joins Defendant's request for a stay.  (*Id.*)  Merely

because both parties seek the stay, does not excuse the court of its obligation to undertake a

review to determine whether a stay is warranted.  And that is because a request to stay litigation

is seemingly at odds with Rule 1's mandate that the Rules "be construed, administered, and

employed by the court and the parties to secure the just, speedy, and inexpensive determination

of every action and proceeding."  For the reasons set forth below, the Court concludes a stay is

warranted and therefore Defendant's motion is GRANTED.

## I.   FACTUAL AND RELEVENT PROCEDURAL BACKGROUND

Plaintiff commenced this action on November 8, 2021, for breach of contract and breach

of the duty of care related to the ocean carriage of cargo, alleging that Defendant, a shipping line,

severely damaged a delivery of 1,100 boxes of yams that Plaintiff purchased from Ghana.  (DE

1-2.)  In September 2019, Plaintiff contracted with Reliance Custom Brokerage ("Reliance") to

facilitate the import of the yams.  (DE 1-2.)  According to Plaintiff, Reliance hired Defendant to

transport the yams to Plaintiff.  (*Id.*)  Defendant allegedly received, accepted and agreed to

transport the yams pursuant to conditions in a bill of lading.  (*Id.*, Ex. C – Bill of Lading.)  Upon

arrival and inspection on October 21, 2019, Plaintiff claims the yams were severely damaged.

(*Id.*)

Defendant removed the case from Supreme Court, Nassau County on April 12, 2022. [1]

(DE 1.)  On May 11, 2022, Defendant filed a letter requesting a pre-motion conference regarding

its anticipated motion to dismiss.  (DE 8.)  Plaintiff filed a letter in opposition on May 19, 2022.

(DE 9.)  On May 23, 2022, Honorable Chief Judge Margo K. Brodie denied the pre-motion

conference request and directed the parties to file a briefing schedule for Defendant's anticipated

---

[1] Plaintiff notes that a default motion is pending in the Nassau County action against Defendant, asserting
that service was completed on December 7, 2021 pursuant to NY CPLR §311(a)(1) and NY Bus. Corp.
Law § 306, as well as on December 12, 2021 pursuant to CPLR § 3215(g)(4).  (DE 9.)  Defendant asserts
in its Notice of Removal that it first received the Summons and Complaint on March 14, 2022.  (DE 1.)
Although the default motion was pending at the time the instant motion for a stay was filed, the Court
notes that "courts in this Circuit have heard claims removed from state court even where a default
judgment has been entered against the defendant at state level."  *Russell v. Lamothermic Precision
Casting Corp.*, No. 19-cv--2310 (NSR), 2020 WL 61139, at *4 (S.D.N.Y. Jan. 6, 2020) (collecting cases).

motion to dismiss.  (Electronic Order dated June 1, 2022.)  The fully briefed motion is scheduled to be filed by July 22, 2022.  (DE 10.)  Defendant now moves for a stay of discovery pending resolution of its motion to dismiss.  (DE 14.)  Plaintiff joins in Defendant's motion.  (*Id.*)

## II.   STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533(SLT)(MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted).  "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

## III.    DISCUSSION

### A. Whether Defendant Has Made a Strong Showing That Plaintiff's Claims Are Unmeritorious [2]

Defendant's anticipated motion to dismiss is based on two grounds: (1) Plaintiff sued the wrong entity, and (2) even if Defendant were the correct party, Plaintiff's claims are time barred.

### i.    Whether Mediterranean Shipping Company (USA) Inc. is the Proper Entity

Defendant asserts that Mediterranean Shipping Company (USA) Inc. ("MSC USA") was merely the agent for MSC Mediterranean Shipping Company S.A. ("MSC SA").  (DE 8.) According to Defendant, MSC USA did not issue the subject bill of lading and did not perform any part of the yam shipment.  (*Id.*)  Defendant points out that Plaintiff's Complaint concedes that MSC USA was MSC SA's agent.  (DE 1, Ex. A at ¶4.)  Plaintiff argues that even though Defendant was the agent for MSC SA, Defendant is still contractually responsible for Plaintiff's damages because Defendant issued an invoice on MSC USA's letterhead, directed that checks be payable to MSC USA, and at least one invoice was made out to MSC USA.  (DE 9, Ex. A.) Plaintiff further asserts that the subject bill of lading identified the Port of Discharge Agent as MSC USA and that MSC USA prepared the bill of lading.  (*Id.*, Ex. B – Ex. C.)

"[A]n agent who makes a contract for a disclosed principal "becomes neither a party to the contract nor liable for the performance of the contract*." Fireman's Fund McGee Marine v. M/V Caroline*, No. 02 Civ.6188 DC,2004 WL 287663, at *2 (S.D.N.Y. Feb. 11, 2004) (citing *Seguros Banvenez, S.A. v. S/S Olive Drescher*, 761 F.2d 855, 860 (2d Cir. 1985) (citing Restatement (2d) of Agency §§ 320, 328).  Thus, such an agent cannot be held liable for breach of contract. *Id.*  (citations omitted).  Determining whether a principal is disclosed depends on

---

[2] The Court's consideration and analysis of the arguments set forth in the pre-motion letters is purely for purposes of weighing whether a stay should be granted in light of Fed. R. Civ. P. 1. – the Court is not prejudging the anticipated motion to dismiss.

"whether the manifestations of the principal or the agent reasonably indicate to the other party . .

. the identity or existence of the principal." *Getty Oil Co. v. Norse Mgmt. Co. (PTE) Ltd.*, 711 F.

Supp. 175, 177 (S.D.N.Y. 1989) (citation omitted).  Plaintiff's Complaint acknowledges that

Defendant is the agent for MSC SA.  Moreover, a closer look at the Exhibits Plaintiff points to

also shows that the references to MSC USA repeatedly refer to MSC USA as the agent for MSC

SA.  Accordingly, it appears that Defendant was indeed the agent for MSC SA, and that MSC

SA was reasonably indicated as the principal during the subject transaction.  The Court therefore

finds that Defendant has a meritorious argument that Defendant is not the correct entity to this

action.  *See CMA-CGM (Can.), Inc. v. World Shippers Consultants, Ltd.*, 921 F. Supp. 2d 1, 6-7

(E.D.N.Y. 2013) (finding that to avoid liability for breach of contract, an "agent must disclose

the identity of his principal at or before the time when the contractual agreement is made final.")

(internal quotation marks and citations omitted).

### ii.      Whether Plaintiff's Claims are Time Barred

Defendant argues that Plaintiff's claims are time barred pursuant to the Carriage of

Goods at Sea Act, 64 U.S.C. § 30701, *et seq.* ("COGSA"), which provides a one-year statute of

limitations.  (DE 8; DE 14.)  Defendant also notes that the subject bill of lading at Clause 6.1

expressly incorporates COGSA's statute of limitations into the terms and conditions.  (DE 8.)

Since the alleged damaged cargo arrived on October 21, 2019 and Plaintiff did not commence

this case until November 8, 2021, Defendant argues that Plaintiff had to bring any alleged claim

regarding the subject cargo on or before October 21, 2020.  (*Id.*)  Plaintiff argues that Plaintiff's

state law claims, which carry a six-year statute of limitations for breach of contract and three-

year statute of limitation for negligence, survive any interpretation of the COGSA.  (DE 9.)

5

Defendant further argues that COGSA, the exclusive federal law, pre-empts state law in this maritime/admiralty matter.  (DE 14.)

"COGSA governs the relationship between the parties to a bill of lading which is evidence of a contract for the carriage of goods by sea to or from ports of the United States." *Alpina Ins. Co., Ltd. v. TransAm. Trucking Serv., Inc.*, No. 03 Civ. 0740(WHP), 2004 WL 1673310, at *4 (S.D.N.Y. July 28, 2004) (internal quotation marks and citation omitted).  Claims arising pursuant to COGSA "cannot be avoided by couching claims in terms of negligence or other common law causes of action."  *Miller Export Corp. v. Hellenic Lines, Ltd.*, 534 F. Supp. 707, 710 (S.D.N.Y. Mar. 23, 1982) (citations omitted).  Even if claims are brought as common law causes of action, COGSA preempts state law.  *Alpina*, 2004 WL 1673310,  at *4.  Claims arising under COGSA are subject to a one-year statute of limitations, commencing from the time of delivery.  *See* 46 U.S.C. § 30701; *see also Hangzhou Leather Prod. Indus. v. Air City, Inc.*, No. 96 CV 1590, 1997 WL 722700, at *1 (E.D.N.Y. Sep. 19, 1997).

Based on the record before the Court, it appears that COGSA is the applicable governing law to this action – the cause of action arises from the carriage of goods by sea to the United States.  Thus, considering Plaintiff commenced this action on November 8, 2021, over one year from the time of delivery of the allegedly damaged yams on October 21, 2019, Defendant's statue of limitations argument appears to have merit.

## B.  Breadth of Discovery and Burden of Responding to It; Risk of Unfair Prejudice

Defendant asserts that absent a stay, the parties will be subject to significant expenses and time, which is likely to be wasted given the likelihood that their motion to dismiss will be granted.  (DE 14) (*citing Rivera v. Heyman*, No. 96 Civ. 4489(PKL), 1997 WL 86394, *1 (S.D.N.Y. Feb. 27, 1997) (finding that disposition of dismissal motion may significantly narrow

6

or eliminate issues in case, and that proceeding with discovery would waste resources and cause an undue burden on defendants).  Here, while the likely breadth of discovery does not appear to be remarkable, the Court agrees that based on Defendant's argument as to the merits of Plaintiff's case, proceeding with discovery at this juncture may indeed result in wasting resources.  *See Contracto Ltd. v. Fast Search & Transfer Intern.*, *AS*, No. CV 12-1930(JS)(ARL), 2012 WL 1225287, at *2 (E.D.N.Y. July 12, 2012) ("the procedural posture of [the] action supports a stay given the case is newly filed, no party has served any initial disclosures or discovery demands and therefore a stay would not dispute the progress of ongoing discovery . . .").

As for the risk of unfair prejudice, both parties agree that there would be no prejudice resulting from a stay pending resolution of Defendant's anticipated motion to dismiss.  (DE 14.) The Court agrees that a stay would not prejudice Plaintiff.

Overall, Defendant has made a sufficient showing that their anticipated motion to dismiss may be meritorious.  Moreover, a stay of discovery would not pose a risk of prejudice to Plaintiff, and such a stay would eliminate the potential waste of resources and time.  Under these circumstances, good cause exists, warranting a stay of discovery.

## IV.    CONCLUSION

Based on the foregoing, Defendant's motion to stay, which Plaintiff joins, is GRANTED

and this action is stayed pending a resolution on Defendant's motion to dismiss by Honorable

Chief Judge Margo K. Brodie.

Dated: Central Islip, New York
       June 16, 2022

**S O    O R D E R E D:**

*/S/ James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8